UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARNET INTERNATIONAL AMC INC., dba ALL CHEER INTERNATIONAL LIMITED and KERRY INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>MOUSA KAFASH dba BAPAZ GARMENTS, et al.,<br><br>Defendants. | Case No.: 09-CV-04301-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT |

On November 29, 2010, Defendant Mousa Kafash moved for summary judgment on all of Plaintiff Starnet International AMC Inc.'s[1] claims in this matter. Dkt. No. 56 ("Mot."); *see also* Dkt. No. 62 ("Reply Br."). Starnet opposes the motion. Dkt. No. 57 ("Opp'n"). For the foregoing reasons, the Court GRANTS in part and DENIES in part Kafash's motion for summary judgment.

**I. BACKGROUND**

Starnet filed this collection action against Kafash on September 16, 2009. Dkt. No. 1 ("Compl."). Starnet claims that Kafash has failed to pay for $132,298.32 in goods that he ordered and received from Starnet. *See* Compl. ¶¶ 5-10. In addition, Starnet alleges that based on Kafash's intentional misrepresentations to Starnet's employees, Starnet extended Kafash a line of credit. *Id.*

---

[1] In its filings, Starnet identifies itself as Starnet Internation AMC Inc. On this Court's docket, Plaintiff is identified as Starnet International AMC Inc. Starnet has failed to clarify this discrepancy. For purposes of this motion, the Court will refer to Plaintiff as Starnet.

¶ 19. According to Starnet, if its employees had known Kafash's representations were false, it would not have manufactured, shipped, or sold goods to Kafash without first requiring advance payment. *Id.* ¶ 25.

Based on these allegations, Starnet has brought five claims against Kafash: (1) open book account, (2) account stated, (3) reasonable value of goods sold and delivered, (4) intentional misrepresentation, and (5) negligent misrepresentation. *See id.* ¶¶ 11-29. Starnet seeks (1) payment in the sum of $132,298.32 plus ten percent per annum interest from December 31, 2008, (2) costs for its suit, (3) attorneys' fees under California Civil Code § 1717.5, and (4) exemplary damages. *Id.* at 6-7.

In his answer, Kafash denied all of Starnet's factual allegations. *See* Dkt. No. 5 ("Answer"). Kafash's position, as stated in his summary judgment motion, is that he has never done business with Starnet in his individual capacity. Mot. 1. According to Kafash, he has neither ordered nor received any goods from Starnet, and he has never made any representations to Starnet. *Id.* Kafash claims that Bapaz Garments Corporation, a New York corporation of which he is the owner and CEO, has done business with Starnet in its corporate capacity and that Bapaz has paid for all goods received from Starnet. *Id.* at 1-2.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of showing an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "Once the moving party carries its initial burden, the adverse party 'may not rest upon the mere allegations or denials of the adverse party's pleading,' but must provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (citations omitted). "On an issue as to which the nonmoving party will have the burden of proof" at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the

nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citation omitted).

"As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989)).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *see also Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010) ("In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor . . . .") (citation omitted).  Nevertheless, in order to survive summary judgment, "[t]he evidence must be enough for a 'reasonable trier of fact' to find for the plaintiff." *Schmidt v. Burlington N. and Santa Fe Ry. Co.*, 605 F.3d 686, 689 (9th Cir. 2010) (citation omitted).

### III. ANALYSIS

Kafash has moved for summary judgment on all of Starnet's claims.  The Court will consider whether each of Starnet's claims can survive in turn.[2]

**A. Open Book Account**

A book account, stated in somewhat simplified terms, is "a detailed statement of debit/credit transactions kept by a creditor in the regular course of business, and in a reasonably permanent manner." *Imperial Merch. Servs., Inc. v. Hunt*, 47 Cal. 4th 381, 397, 97 Cal. Rptr. 3d 464, 476, 212 P.3d 736, 746 (2009) (quoting *Reigelsperger v. Siller*, 40 Cal. 4th 574, 579 n.5, 53 Cal. Rptr.

---

[2] Because subject matter jurisdiction in this case is based on diversity of citizenship, the substantive law of California, the forum state, applies. *See Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 980-81 (9th Cir. 2002).

3d 887, 150 P.3d 764 (2007)) (quotation marks omitted).[3] A book account is open when there is a balance due on the account. *See Interstate Grp. Adm'rs, Inc. v. Cravens, Dargan & Co.*, 174 Cal. App. 3d 700, 708, 220 Cal. Rptr. 250 (1985). In California, a book account may furnish the basis for a cause of action "when it contains a statement of the debits and credits of the transactions involved completely enough to supply evidence from which it can be reasonably determined what amount is due to the claimant." *Id.* (quoting *Tillson v. Peters*, 41 Cal. App. 2d 671, 678, 107 P.2d 434 (1940)) (quotation marks omitted). To sustain a cause of action the book must also show against whom the charges are made and in whose favor the charges run. *See id.* (quoting *Joslin v. Gertz*, 155 Cal. App. 2d 62, 65, 317 P.2d 155 (1957)).

Kafash argues that Starnet cannot prove the necessary elements to make out its book account claim. Mot. 3. According to Kafash, Bapaz is a corporation duly organized under the laws of the State of New York. Dkt. No. 56-2 ("Kafash Decl."), at ¶ 2. In support of this claim, Kafash submitted a copy of Bapaz Garments Corporation's entity status page from the New York Secretary of State website. *Id.*, Ex. A. This copy shows that Bapaz Garments Corporation is a domestic business corporation that initially filed its incorporating documents with New York's Department of State on February 6, 2004. *Id.*, Ex. A. According to the website copy, Bapaz Garments Corporation is currently an active entity. *Id.*, Ex. A.

In addition to his claim regarding the existence of Bapaz Garments Corporation, Kafash also claims that Bapaz, not Kafash, did business with Starnet. Kafash Decl. ¶¶ 4-5. According to Kafash, he never made any representations to Starnet. *Id.* Moreover, Kafash claims that Bapaz has paid for all goods ordered from Starnet. *Id.* ¶ 7.

In response, Starnet submitted a declaration of its Chief Financial Officer Kurt Miller. Dkt. No. 59 ("Miller Decl."). Despite the evidence presented by Kafash to the contrary, Miller claims

---

[3] A more exhaustive definition is found in the California Code of Civil Procedure: "The term 'book account' means a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner." CAL. CIV. PROC. CODE § 337a.

that there is no corporation listed as Bapaz Garments in the State of New York corporate records. *Id.* at 2. In addition, Miller claims that all of Starnet's documents show that Starnet[4] transacted business with Kafash, an individual doing business as Bapaz Garments, and not with a corporation named Bapaz Garments Corporation. Miller Decl. 2. Stated another way, Miller claims that Kafash did business with Starnet as a personal business entity called Bapaz Garments and not as a corporation. *Id.* According to Miller, Starnet's book account with Kafash is for "Mousa Kafash dba Bapaz Garments." *Id.* Moreover, Miller states that no one ever informed Starnet that Kafash was doing business as a corporation and that no purchase orders or invoices support that assertion. *Id.*

These dueling declarations create a dispute as to whether Starnet did business with Kafash as an individual or with a corporation named Bapaz Garments.[5] Moreover, Miller's claim that Starnet maintains a book account for Kafash dba Bapaz Garments also creates a genuine dispute as to the existence of a book account sufficient to maintain a book account claim. Therefore, Kafash's motion for summary judgment on Starnet's open book account claim is denied.

**B. Account Stated**

There are three essential elements of a claim for account stated: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600, 76 Cal. Rptr. 663, 665-66 (1969).

Kafash's argument in support of its motion for summary judgment on this count mirrors his argument on the open book account claim. Kafash claims that he never had any transactions with Starnet. According to Kafash, only Bapaz Garments Corporation—a duly organized corporate

---

[4] Miller's declaration also references two of Starnet's wholly owned subsidiaries: Kerry International and All Cheer International. Miller Decl. 2. Miller claims that Starnet's subsidiaries transacted business with Kafash under the same terms as Starnet did. *Id.*
[5] Starnet's January 4, 2011 objection to the 2007 invoices attached to Kafash's reply declaration may create yet another genuine dispute as to a material fact. *See* Dkt. No. 63. The Court denies Starnet's request to strike and not consider Kafash's motion for summary judgment.

5
Case No.: 09-CV-04301-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

entity—transacted business with Starnet. Furthermore, according to Kafash, Bapaz Garments Corporation has paid for any and all goods received from Starnet.

Similarly, Miller's counterarguments here are nearly identical to his counterarguments above. Miller claims that Kafash, as an individual entity, has done business with Starnet in the past, that Kafash sent Starnet three purchase orders, that Starnet delivered those goods to Kafash, that Starnet sent invoices to Kafash detailing the amount due in payment for the goods delivered, and that Kafash has failed to pay. Miller Decl. 2-3. These claims go beyond the pleadings and support an account stated claim.

Therefore, Kafash's motion for summary judgment on Starnet's account stated claim is denied.

### C. Reasonable Value of Goods Sold and Delivered

California recognizes a "common count[6] of quantum valebant for the reasonable value of goods sold and delivered." *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 792, 256 P.2d 947, 958 (1953). Quantum valebant is a type of quasi-contract action. *See Jogani v. Superior Court*, 165 Cal. App. 4th 901, 905-06, 81 Cal. Rptr. 3d 503 (2008); *see also* 4 WITKIN, CALIFORNIA PROCEDURE § 567 (5th ed. 2008) ("The count on quantum valebant is similar to that on quantum meruit, except that it seeks recovery of the reasonable value of goods sold.") (internal citations omitted). "Quasi-contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises." *Weitzenkorn*, 40 Cal. 2d at 794, 256 P.2d at 959 (quotation omitted). "They are obligations created by law for reasons of justice." *Id.* (quotation omitted).

"The theory of quasi-contractual recovery is that one party has accepted and retained a benefit with full appreciation of the facts, under circumstances making it inequitable for him to retain the benefit without payment of its reasonable value." *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248, 119 Cal. Rptr. 2d 606, 609 (2002) (quoting *Truestone, Inc. v. Simi W. Indus. Park II*, 163 Cal. App. 3d 715, 724, 209 Cal. Rptr. 757 (1984)) (quotation marks omitted); *see also*

---

[6] "A common count is not a specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness . . . ." *McBride v. Boughton*, 123 Cal. App. 4th 379, 394, 20 Cal. Rptr. 3d 115, 127 (2004) (citations omitted).

1  *Weitzenkorn*, 40 Cal. 2d at 794, 256 P.2d at 959 ("Quasi contractual recovery is based upon benefit
2  accepted or derived for which the law implies an obligation to pay.  Where no benefit is accepted
3  or derived there is nothing from which such contract can be implied.") (quoting *Rowell v. Crow*, 93
4  Cal. App. 2d 500, 503, 209 P.2d 149, 151 (1949)) (quotation marks omitted).

5        Kafash maintains that he has never ordered any goods from Starnet and that Bapaz
6  Garments Corporation has paid for all goods received from Starnet.

7        According to Miller, Kafash ordered and received $135,833.32 in goods from Starnet.
8  Miller Decl. 3.  Miller alleges that after deducting $3,535.00 in advance payments made by Kafash,
9  the balance on Kafash's account is $132,298.32.  *Id.*  In further support of its claim that Kafash has
10 not paid for ordered and received goods, Starnet submitted copies of bank documents that it
11 received from Bapaz.  Dkt. No. 60, Ex. 3, at 2.  According to Miller, Bapaz gave Starnet these
12 documents as proof that Bapaz had wired Starnet payments for the goods received.  Miller Decl. 4.
13 Miller claims that Starnet's banks told him that these wire transfers could not have gone through
14 because they contain the wrong SWIFT code.  *Id.*  Miller further claims that he passed this
15 information on to Bapaz but has received no response.  *Id.*

16       Thus, Miller's declaration not only creates a genuine dispute as to who ordered the goods
17 but also creates a dispute as to whether Starnet received payment for the goods it shipped on the
18 Bapaz Garments account.  Therefore, Kafash's motion for summary judgment on Starnet's claim for
19 the reasonable value of goods sold and delivered is denied.

20       **D.  Intentional Misrepresentation**

21       Intentional misrepresentation is a claim for fraud.  *See Anderson v. Deloitte & Touche*, 56
22 Cal. App. 4th 1468, 1474, 66 Cal. Rptr. 2d 512 (1997).  "The elements of fraud are: (1) a
23 misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity
24 (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting
25 damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352,
26 359, 102 P.3d 268, 274 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr.
27 2d 377, 909 P.2d 981 (1996)); *see also R & B Auto Center, Inc. v. Farmers Group, Inc.*, 140 Cal.
28 App. 4th 327, 377, 44 Cal. Rptr. 3d 426 (2006) ("The elements of a claim for intentional

misrepresentation are a misrepresentation, made with knowledge of its falsity and with an intent to defraud or induce reliance, justifiable reliance, and resulting damage.") (citing 5 WITKIN, SUMMARY OF CALIFORNIA LAW *Torts* § 772 (10th ed. 2005)).

Kafash claims that Starnet has not provided any evidence that Kafash made any representation to Starnet. Mot. 4. Kafash argues that, as a result, the Court should grant his motion for summary judgment on Starnet's intentional misrepresentation claim. *Id.*

In its complaint, Starnet details a specific intentional misrepresentation made by Kafash. These allegations are as follows. Starnet originally required Kafash to pay in advance for goods ordered. Compl. ¶ 18. Kafash, allegedly knowing that Starnet's president was away on business, contacted Starnet's employees and intentionally misrepresented that Starnet's president had agreed to extend him credit. *Id.* ¶ 19. In reliance on this misrepresentation, Starnet manufactured and sent goods to Kafash on credit. *Id.* ¶¶ 20-22. Starnet claims that Kafash has refused to pay off this credit. *Id.* ¶ 24.

While these allegations appear to support a claim for intentional misrepresentation,[7] Starnet cannot rely solely on its pleading to survive a motion for summary judgment. *See Devereaux*, 263 F.3d at 1076. According to Miller, Starnet's employees did communicate with Kafash. Miller Decl. 2. Moreover, Miller claims that Kafash sent Starnet three purchase orders. *Id.* at 2-3. Nevertheless, Miller never alleges that Kafash made any misrepresentations to Starnet in the course of these communications. Other than its complaint, Starnet has not put forth any evidence that Kafash made any intentional misrepresentations to Starnet. Therefore, Kafash's motion for summary judgment on Starnet's claim for intentional misrepresentation is granted.

**E. Negligent Misrepresentation**

"The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the

---

[7] As Kafash has not raised the issue, the Court is not here considering whether the allegations contained in the complaint are sufficient to meet Federal Rule of Civil Procedure 9(b). The Court observes, however, that Starnet did not allege exactly when or to whom Kafash made his alleged misrepresentation.

8

misrepresentation, and (5) resulting damage." *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 89 Cal. Rptr. 3d 473 (2009) (quoting *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243, 70 Cal. Rptr. 3d 199 (2007)) (quotation marks omitted).

For the reasons outlined in the Court's consideration of Kafash's motion for summary judgment on Starnet's intentional misrepresentation claim, Kafash's motion for summary judgment on Starnet's claim for negligent misrepresentation is granted. Starnet has not presented any evidence beyond its pleadings supporting its claim that that Kafash made any misrepresentation of a past or existing material fact.

## IV. CONCLUSION

For the foregoing reasons, Kafash's motion for summary judgment is GRANTED in part and DENIED in part as follows:

(1) Kafash's motion for summary judgment on Starnet's open book account claim is DENIED.

(2) Kafash's motion for summary judgment on Starnet's account stated claim is DENIED.

(3) Kafash's motion for summary judgment on Starnet's claim for the reasonable value of goods sold and delivered is DENIED.

(4) Kafash's motion for summary judgment on Starnet's intentional misrepresentation claim is GRANTED.

(5) Kafash's motion for summary judgment on Starnet's negligent misrepresentation claim is GRANTED.

**IT IS SO ORDERED.**

Dated: January 5, 2011

_____
LUCY H. KOH
United States District Judge