1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  STARNET INTERNATIONAL AMC INC., dba )    Case No.: 09-CV-04301-LHK
    ALL CHEER INTERNATIONAL LIMITED    )
12  and KERRY INTERNATIONAL,           )    ORDER GRANTING IN PART AND
                                       )    DENYING IN PART DEFENDANT'S
13                  Plaintiff,         )    MOTION IN LIMINE
                                       )
14           v.                        )
                                       )
15  MOUSA KAFASH dba BAPAZ GARMENTS,   )
    et al.,                            )
16                                     )
                    Defendants.        )
17  _____)

18          On January 20, 2011, Defendant Mousa Kafash moved this Court to exclude any evidence

19  and witnesses not timely disclosed in discovery.  Dkt. No. 78 ("Kafash Mot.").  Specifically,

20  Kafash moves to exclude the testimony of Kurt Miller and Yongbin Luo[1] from trial because

21  Plaintiff Starnet International AMC Inc. did not timely disclose these witnesses.  Starnet opposes

22  Kafash's motion.  Dkt. No. 80 ("Opp'n").  For the foregoing reasons, the Court GRANTS in part

23  and DENIES in part Kafash's motion.

24                              I.  BACKGROUND

25          Starnet filed this collection action against Kafash on September 16, 2009.  Dkt. No. 1

26  ("Compl.").  Starnet claims that Kafash has failed to pay for $132,298.32 in goods that he ordered

27  _____
    [1] In his moving papers, Kafash refers to a Yongbin Lou.  In Starnet's trial brief, Starnet lists its
28  President, Yongbin Luo, as a witness.  The Court assumes that Kafash is referring to Starnet's
    President and assumes that Starnet's spelling is the correct one.

United States District Court
For the Northern District of California

1   and received from Starnet.  *See* Compl. ¶¶ 5-10.  On September 28, 2010, this Court held a case

2   management conference in this matter.  At that conference, the Court set a pretrial conference date

3   of January 12, 2011, and a court trial date of January 24, 2011.  Dkt. No. 55.  In anticipation of

4   trial, this Court, on January 5, 2011, issued an order setting the pretrial schedule and continuing the

5   pretrial conference to January 19, 2011.  Dkt. No. 65.  The Court's pretrial order set January 11,

6   2011 as the deadline for parties to file motions in limine.  Neither party filed any motions prior to

7   the pretrial conference.  Because both parties raised new objections to each side's evidence at the

8   pretrial conference, the Court ordered the parties to file any motions in limine on or before January

9   20, 2011 at 5:00 P.M. and any oppositions on or before January 21, 2011 at 12:00 P.M.  Starnet did

10  not file any motions.  Kafash, on the other hand, filed a motion to exclude the testimony of Kurt

11  Miller and Yongbin Luo pursuant to Federal Rule of Civil Procedure 37(c)(1).

## II.  LEGAL STANDARD

13          "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e),

14  the party is not allowed to use that information or witness to supply evidence on a motion, at a

15  hearing, or at a trial, unless the failure was substantially justified or is harmless."  FED R. CIV. P.

16  37(c)(1).  The district court has wide latitude in exercising its discretion to issue sanctions under

17  Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)

18  (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248

19  F.3d 29, 34 (1st Cir. 2001)).  Sanctions under Rule 37(c)(1) are meant to provide a strong

20  inducement for the disclosure of material.  *Id.* (citing Fed. R. Civ. P. 37 advisory committee's note

21  (1993)).  "Courts have upheld the use of the sanction even when a litigant's entire cause of action or

22  defense has been precluded."  *Id.* (citation omitted).  Unless the sanction acts as a dismissal of the

23  cause of action, the court need not identify "willfulness, fault, or bad faith."  *See id.*

24          "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may

25  be introduced if the parties' failure to disclose the required information is substantially justified or

26  harmless."  *Id.* (citing FED. R. CIV. P. 37(c)(1)).  The burden to make such a showing is on the party

27  who failed to make the required disclosure.  *See id.* at 1106-07.

28  ///

### III.  ANALYSIS

In his motion, Kafash argues that because Starnet did not disclose both Miller and Luo in Starnet's Rule 26(a)(1) initial disclosures, Starnet cannot use their testimony at trial.  Kafash Mot. 3.  In Starnet's initial disclosures, Starnet listed only a single individual who Starnet believed had discoverable information or who Starnet thought was likely to have discoverable information that Starnet may use to support its claims: Mousa Kafash.  Dkt. No. 9.  Nowhere in Starnet's initial disclosure does Starnet name Kurt Miller, Starnet's Chief Financial Officer, or Yongbin Luo, Starnet's President.  *Id.*  Originally, Kafash claimed that Starnet did not disclose the identity of these witnesses until filing its January 6, 2011 trial brief.  Dkt. No. 66.  Kafash, however, subsequently amended this assertion as to Miller.  Kafash's counsel Reza Sina submitted a supplemental declaration admitting that Kurt Miller's name did appear in connection with Starnet's December 17, 2010 opposition to Kafash's motion for summary judgment.  Dkt. No. 79.  Nevertheless, Kafash maintains that Miller did not appear on any documents exchanged in discovery and that Miller's testimony should still be excluded from trial.  *Id.*

#### A.  Yongbin Luo

Under Rule 26(a)(1)(A)(i), parties must include in their initial disclosures "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Rule 26(e) requires parties to supplement or correct disclosures made under Rule 26(a) "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Starnet did not disclose Yongbin Luo's name in its initial disclosures.  Starnet also never amended its initial disclosures to include Yongbin Luo.  Furthermore, neither party in this case took any depositions, and Starnet has not provided any evidence that Luo was disclosed in any document production or written discovery responses.  Under the plain meaning of Rule 37(a)(1), Starnet cannot use Yongbin Luo's testimony at trial.

United States District Court
For the Northern District of California

Case No.: 09-CV-04301-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

1    The only argument that Starnet raises in opposition is that Starnet does not know who
2    "Yongbin Lou" is.   Opp'n 2.   The Court finds this argument wholly unpersuasive, if not
3    disingenuous.   In Starnet's trial brief, Starnet names Starnet's President, Yongbin Luo, as one of
4    Starnet's trial witnesses.   Dkt. No. 66.   In his motion, Kafash states that he opposes the testimony of
5    "Yongbin Lou."   Kafash Mot. 2.   In so doing, Kafash claims that Starnet only made Kafash aware
6    of "Yongbin Lou" in Starnet's trial brief.   *Id.*   Thus, Kafash seeks to exclude the testimony of a
7    Yongbin *Lou* even though Starnet intends to call a witness named Yongbin *Luo*.   This discrepancy
8    makes it conceivable that Starnet technically has no knowledge of an individual named Yongbin
9    Lou.   Nevertheless, it strains reason to believe that Starnet does not recognize that Kafash has
10   simply misspelled Yongbin's last name.   Although the Court does not approve of Kafash's basic
11   editing error, the Court highly disapproves of Starnet's attempt to feign ignorance of the obvious.

12   Because Starnet has not met its burden to show that its failure to disclose Yongbin Luo's
13   identity in Starnet's initial disclosures "is substantially justified or harmless," the Court grants
14   Kafash's motion to exclude from trial the testimony of Yongbin Luo.

15   **B. Kurt Miller**

16   The situation involving Kurt Miller is nearly identical to Yongbin Luo.   Starnet's initial
17   disclosures did not contain Miller's name, and Starnet never amended or supplemented its
18   disclosures to include Miller.   On these facts alone, the Court would be inclined to exclude Miller's
19   testimony.

20   The difference here, as compared with Luo, is that Starnet revealed Miller's name, identity,
21   and connection to this case many months prior to naming him as a witness in Starnet's trial brief.
22   Starnet attached a sworn declaration of Kurt Miller to its July 21, 2010 summary judgment motion.
23   Dkt. Nos. 14, 17.   This case was reassigned to the undersigned judge on August 2, 2010.   When
24   Starnet re-noticed its motion on August 11, 2010 to this Court, Starnet again attached Miller's
25   declaration to its motion.   Dkt. No. 43.   Although Starnet later withdrew its summary judgment
26   motion, Starnet attached another, more detailed Kurt Miller declaration to its December 17, 2010
27   opposition to Kafash's motion for summary judgment.   Dkt. No. 59.   Moreover, Starnet claims that
28   Miller attended a July 26, 2010 mediation where Kafash's counsel was present.   Dkt. No. 80.   Thus,

4

**United States District Court**
For the Northern District of California

1   even though Starnet never included Miller in its initial disclosures, Starnet disclosed Miller's

2   existence and relation to this case.

3       The facts present here resemble those at issue in *Aspect Sys. v. Lam Research Corp.*, Nos.

4   09-16486, 09-16584, 2010 U.S. App. LEXIS 23854, at *7-9 (9th Cir. Nov. 19, 2010), where the

5   Ninth Circuit affirmed a district court's denial of a defendant's motion in limine to exclude any

6   computation of damages at trial.   In that case, the plaintiff had failed to disclose its damages

7   calculation in accordance with Rule 26(a)(1)(A)(iii).   Nevertheless, the district court held that the

8   plaintiff's disclosure of its damages calculation in a mediation statement was an adequate damages

9   disclosure.   The Ninth Circuit held that the district court's ruling was not an abuse of discretion.

10  According to the Ninth Circuit, the mediation memorandum notified the defendant of the plaintiff's

11  methodology, even if the memorandum was not admissible evidence.

12      Here, Starnet's use of Miller's declaration in connection with its motion for summary

13  judgment and its opposition to Kafash's motion for summary judgment put Kafash on notice of

14  Miller's existence and importance to the case.   In fact, under Rule 37(a)(1), Kafash could have

15  objected to Starnet's use of Miller's testimony in connection with Starnet's summary judgment

16  motion or Starnet's opposition to Kafash's summary judgment motion.   Kafash made no such

17  objection.   Kafash also made no attempt to depose Miller until Starnet listed Miller in its trial brief.

18  Because Kafash should have been aware of Miller prior to Starnet's filing of its trial brief and

19  because Kafash could have raised an objection to Miller's earlier declarations but did not, Kafash's

20  motion to exclude Miller's testimony is denied.

21      Nevertheless, to avoid any prejudice to Kafash, this Court will apply the same type of

22  restriction on Starnet's use of Miller's testimony as applied by the court in *Aspect Sys. v. Lam*

23  *Research Corp.*   There, "the district court did not allow [the plaintiff] to depart from the damages

24  methodology it disclosed prior to trial."   *Aspect Sys.*, 2010 U.S. App. LEXIS 23854, at *8.   In other

25  words, the plaintiff was "limited as to the general structure and methodology it disclosed in its

26  mediation memorandum."   *Id.* at *8-9 (alterations and internal quotations omitted).   Here, the Court

27  will only allow Miller to testify in conformity with his declarations.   This is not to say that Miller

28  cannot provide any testimony that is not contained in his declarations.   Rather, the Court will

5

Case No.: 09-CV-04301-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

1  confine the scope of Miller's testimony to the subjects he addressed in his declarations and will not

2  allow Miller to contradict anything contained in his declarations.  Starnet appears very willing to

3  abide by this restriction.  *See* Opp'n 3.

### IV.  CONCLUSION

4

5       For the foregoing reasons, the Court GRANTS in part and DENIES in part Kafash's motion

6  in limine.  Kafash's motion to exclude Yongbin Luo's testimony at trial is GRANTED.  Kafash's

7  motion to exclude Miller's testimony is DENIED.  Miller's testimony shall comply with the Court's

8  instructions above.

9  **IT IS SO ORDERED.**

10

11  Dated: January 21, 2011

12  LUCY H. KOH
    United States District Judge

Case No.: 09-CV-04301-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE