1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| STARNET INTERNATIONAL AMC INC., dba ALL CHEER INTERNATIONAL LIMITED and KERRY INTERNATIONAL, | ) ) ) ) | Case No.: 09-CV-04301-LHK ORDER RE MOUSA KAFASH APPEARING AT TRIAL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MOUSA KAFASH dba BAPAZ GARMENTS, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

At the January 19, 2011 pretrial conference, defense counsel raised the issue that Defendant Mousa Kafash, who is elderly and resides in New York, would likely not attend the one-day bench trial on January 24, 2011.  Plaintiff did not file a motion as to this issue.  To avoid any dispute on the day of trial, the Court hereby holds that Mousa Kafash need not attend trial absent a reasonably timely subpoena.

In *Fillippon v. Albion Vein Slate Co.*, the United States Supreme Court recognized the right of a civil litigant to be present in some capacity during the trial of her case:

> We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be *present in person or by counsel* at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict.

1

250 U.S. 76, 81, 39 S. Ct. 435, 63 L. Ed. 853 (1919) (emphasis added).  The Ninth Circuit, however, has ruled that "[i]n a civil suit, the parties do not have a constitutional right to be personally present during trial."  *See Kulas v. Flores*, 255 F.3d 780 (9th Cir. 2001).  *But see Preferred Prop. v. Indian River Estates, Inc.*, 276 F.3d 790, 797 (6th Cir. 2002) ("There is no doubt that a civil litigant has the right to be present *in person* at all proceedings from the time the jury is impaneled until it is discharged after rendering a verdict.").

Thus, parties *may* be present at trial, but there is no requirement for a party to be at trial. *See, e.g.*, *McGill v. Duckworth*, 944 F.2d 344, 353 (7th Cir. 1991) ("Persons need not attend the proceedings just because they have been named as parties.").  In the event a party does not (or will not) appear at trial, the opposing party has two options: (1) if the non-attending party has been deposed, read into evidence the deposition testimony, FED. R. CIV. P. 32(a)(1); or (2) call the non-attending party as a witness.

Under the second option, to ensure the non-attending party's presence at trial, the opposing party must subpoena the non-appearing party reasonably in advance of trial.  *See* Fed. R. Civ. P. 45.  Pursuant to Rule 45(c)(3)(A), a timely motion to quash or modify a subpoena *must* be granted if the subpoena fails to allow "reasonable time to comply."  "What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected."  *See In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (citing WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL 11:360 (The Rutter Group 1998)).  The ten days' notice guidepost may not necessarily apply to subpoenas of parties, who presumably are aware of the litigation and are less subject to surprise. Nevertheless, the Court need not reach the issue of how much notice is required because it appears Plaintiff has not subpoenaed Mousa Kafash.

In addition, Rule 45 (b)(2) sets forth a geographical limitation of 100 miles from the court for service of the subpoena.  Courts are split, however, on whether the 100-mile limitation applies to parties, as Rule 45(c)(3)(A)(ii) allows a court to quash or modify a subpoena if it "requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that

2

person resides, is employed, or regularly transacts business in person." (emphasis added). Thus, the implication is that the 100-mile limitation is not applicable to parties.

Defendant Mousa Kafash may appear at trial (as most parties do), but there is no legal requirement for him to do so absent a reasonably timely subpoena. Plaintiff did not take the deposition of Defendant Mousa Kafash, thus reading deposition testimony into the record is not an option. Moreover, it appears that Plaintiff has made no attempt to subpoena Mousa Kafash.

Accordingly, Plaintiff should be prepared to try the case without Defendant Mousa Kafash's attendance at trial.

**IT IS SO ORDERED.**

Dated: January 21, 2011

LUCY H. KOH
United States District Judge

Case No.: 09-CV-04301-LHK
ORDER RE MOUSA KAFASH APPEARING AT TRIAL

United States District Court
For the Northern District of California